IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-21347

**MIAMI SLICE PIZZA, LLC**,

    Plaintiff/Counter-Defendant,

v.

**CARNIVAL CORPORATION**,

    Defendant/Counter-Plaintiff.

## CARNIVAL'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant/Counter-Plaintiff Carnival Corporation ("Carnival"), by and through undersigned counsel, hereby files its Answer to Complaint, Affirmative Defenses and Counterclaim.

1. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies same.

2. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies same.

3. Carnival denies the allegations in Paragraph 3 of the Complaint.

4. Carnival denies the allegations in Paragraph 4 of the Complaint.

5. Carnival admits that it offers dining services onboard in an area identified as "Biscayne 820" and denies the remaining allegations in Paragraph 5 of the Complaint.

6. Carnival denies the allegations in Paragraph 6 of the Complaint.

7. Carnival is without knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies same.

## Jurisdiction and Venue

8. Carnival admits that Plaintiff/Counter-Defendant ("MSP") filed this action seeking damages and injunctive relief for trademark infringement and unfair competition under federal and state common law, but denies that MSP is entitled to such relief.

9. Carnival admits the allegations in Paragraph 9 of the Complaint.

10. Carnival admits the allegations in Paragraph 10 of the Complaint.

11. Carnival admits the allegations in Paragraph 11 of the Complaint.

12. Carnival admits the allegations in Paragraph 12 of the Complaint.

## Factual Allegations

13. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies same.

14. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies same.

15. Carnival admits that the records of the U.S. Patent & Trademark Office indicate that SOTAVENTO VENTURES, LLC filed the application for MIAMI SLICE, which ultimately issued on the Supplemental Register on August 20, 2019.

16. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies same.

17. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies same.

18. Carnival is without knowledge or information sufficient to form a belief as

2

to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies same.

19. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies same.

20. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies same.

21. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies same.

22. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies same.

23. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies same.

24. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore denies same.

25. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies same.

26. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies same.

27. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies same.

28. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies same.

29. Carnival is without knowledge or information sufficient to form a belief as

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies same.

30. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies same.

31. Carnival denies that it first announced its new Carnival Celebration ship on or about October 8, 2020. While the documents identified as <u>Exhibit E</u> appear to be articles referencing Carnival's news release, Carnival denies the remaining allegations in Paragraph 31.

32. Carnival admits that it took delivery of the Carnival Celebration on November 2, 2022 in Finland, but denies that its inaugural voyage departed from Southampton, England on November 6, 2022.

33. Carnival admits the allegations in Paragraph 33 of the Complaint.

34. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore denies same.

35. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies same.

36. Carnival denies the allegations in Paragraph 36 of the Complaint.

37. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies same.

38. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies same.

39. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies same.

40. Carnival denies the allegations in Paragraph 40 of the Complaint.

## Count I
## Trademark Infringement (15 U.S.C. § 1125(a))

41. Carnival realleges its responses to Paragraphs 1-40 as if set forth verbatim herein.

42. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies same.

43. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies same.

44. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies same.

45. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies same.

46. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and therefore denies same.

47. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and therefore denies same.

48. Carnival denies the allegations in Paragraph 48 of the Complaint.

49. Carnival denies the allegations in Paragraph 49 of the Complaint.

50. Carnival denies the allegations in Paragraph 50 of the Complaint.

51. Carnival denies the allegations in Paragraph 51 of the Complaint.

52. Carnival denies the allegations in Paragraph 52 of the Complaint.

53. Carnival denies the allegations in Paragraph 53 of the Complaint.

## Count II
## Trademark Infringement (Florida Common Law)

54. Carnival realleges its responses to Paragraphs 1-40 as if set forth verbatim herein.

55. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and therefore denies same.

56. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore denies same.

57. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore denies same.

58. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and therefore denies same.

59. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and therefore denies same.

60. Carnival is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and therefore denies same.

61. Carnival denies the allegations in Paragraph 61 of the Complaint.

62. Carnival denies the allegations in Paragraph 62 of the Complaint.

63. Carnival denies the allegations in Paragraph 63 of the Complaint.

64. Carnival denies the allegations in Paragraph 64 of the Complaint.

65. Carnival denies the allegations in Paragraph 65 of the Complaint.

66. Carnival denies the allegations in Paragraph 66 of the Complaint.

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

## PRAYER FOR RELIEF

WHEREFORE, Carnival prays that this Court enter judgment in its favor on all claims alleged in the Complaint, find that this is an exceptional case, pursuant to 15 U.S.C. § 1117(a), entitling Carnival to reimbursement of its reasonable attorney fees and costs, and grant Carnival such further relief as the Court deems appropriate.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Carnival denies that it is liable to MSP on any of the claims alleged and denies that MSP is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### First Affirmative Defense

As a first, separate and distinct affirmative defense, Carnival asserts that the Complaint, on one more counts as set forth therein, is barred because MSP does not have any protectable rights in the non-distinctive phrase MIAMI SLICE, which has not acquired secondary meaning, and therefore cannot state a claim upon which relief can be granted.

### Second Affirmative Defense

As second, separate and distinct affirmative defense, Carnival asserts that the Complaint, on one more counts as set forth therein, is barred because the phrase MIAMI SLICE is a generic name for a Miami-style of pizza that is fairly used by Carnival.

### Third Affirmative Defense

As a third, separate and distinct affirmative defense, Carnival asserts that that even

7

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

assuming infringement, unfair competition or any other allegedly improper activity is proven by MSP, which Carnival expressly denies, MSP cannot establish that it has suffered or will suffer damages.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff Carnival Corporation ("Carnival"), by and through undersigned counsel, hereby asserts its Counterclaim against Plaintiff/Counter-Defendant ("MSP"), as follows:

## PARTIES

1. Carnival is a corporation organized and existing under the laws of Panama with its principal place of business in Miami, Florida.

2. On information and belief, MSP is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida.

## JURISDICTION AND VENUE

3. This is an action for cancellation of a trademark registration pursuant to 15 U.S.C § 1119.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 and 1367.

5. This Court has personal jurisdiction over MSP, which resides in this Judicial District and instituted this action.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **BACKGROUND**

7. MSP has alleged, and Carnival denies, that, *inter alia*, Carnival's use of the generic phrase MIAMI SLICE to identify a Miami-style of pizza purportedly infringes any alleged rights MSP claims in the phrase.

8. MSP asserted ownership of U.S. Trademark Registration No. 5,841,483 for MIAMI SLICE, registered on the Supplemental Register on or about August 20, 2019.

9. MSP's Registration No. 5,841,483 identifies "restaurant services," in International Class 43.

10. Upon information and belief, Registration No. 5,841,483 is subject to cancellation on the basis that the phrase MIAMI SLICE has become the generic name for a slice of a style of pizza.

11. Carnival believes that it is and is likely to continue to be damaged by the continued existence of Registration No. 5,841,483, in that Carnival offers slices of Miami-style pizza onboard and has an interest in using the phrase MIAMI SLICE in its business.

12. Since at least as early as March 2022, Carnival has fairly used the phrase MIAMI SLICE to identify this style of pizza and its continued and legal use of the phrase will be impaired by the continued registration of Registration No. 5,841,483:



**COUNT I**
**Cancellation of U.S. Trademark Registration**

13. Carnival repeats and incorporates paragraphs 1 through 12 inclusive as if set forth verbatim herein.

14. MSP's alleged MIAMI SLICE mark is comprised of a combination of the generic terms "Miami" and "slice," which retain their generic significance with respect to the services described in Registration No. 5,841,483. The dictionary definitions for the terms "Miami" and "slice" are attached hereto as Composite <u>Exhibit A</u>.

15. The relevant public understands the phrase MIAMI SLICE to refer primarily to the genus of services at issue, i.e., a Miami-style pizza, which food is a key offering of pizza restaurants:

10



**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier



True and correct copies of webpages evidencing references to MIAMI as a style of pizza are attached hereto as Composite Exhibit B.

16.   Third-party use of the phrase MIAMI SLICE in the restaurant industry demonstrates that consumers are well accustomed to encountering the phrase to identify the services identified in Registration No. 5,841,483. For example, the Miami-based The Big Cheese restaurant offers "The Miami Slice" on its pizza menu:



A partial, and by no means exhaustive, list of such third-party uses of MIAMI SLICE in connection with identical and related goods and services is attached hereto as Composite Exhibit C.

17. MSP's own website is rife with examples of generic use of the terms MIAMI and SLICE. For example, MSP refers to itself as a "slice bar:"





True and correct copies of webpages evidencing MSP's generic use of such wording are attached hereto as Composite <u>Exhibit D</u>.

18. Similarly, MSP refers to MIAMI SLICE as a noun, i.e., "reheating Miami Slice:"



*Id.*

19. Such use by MSP demonstrates that MIAMI SLICE fails the *"Who Are You—What Are You?"* test:

> A mark answers the buyer's questions "Who are you? Where do you come from?" "Who vouches for you?" But the name of the product answers the question "What are you?" A number of courts have utilized this treatise's "Who are you—What are you?" test. In response to the question "What are you?" many competitive goods or services will give the same answer, regardless of source of origin—e.g., computer modem, Hunan-style Chinese restaurant, Pilates exercise instruction services, sun block lotion. Such generic names tell the buyer what the product or service is, not its source or where it came from. If a majority of the public chooses to call a product a "Thermos" bottle rather than a "THERMOS brand vacuum-insulated bottle," then "Thermos" is not serving as a mark—**it answers the question "What are you?" and is used as a generic name, regardless of the producer's intentions.**

*McCarthy*, 12:1 (emphasis added).

20. The generic phrase MIAMI SLICE immediately names the exact nature of

15

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

MSP's pizza services and does nothing else.

21. Upon information and belief, MSP's Registration No. 5,841,483 for MIAMI SLICE is subject to cancellation, pursuant to 15 U.S.C § 1119, in that the mark is or has become the generic name for the goods or services, or a portion thereof, for which the mark has been registered.

## PRAYER FOR RELIEF

A. The phrase MIAMI SLICE is generic and Registration No. 5,841,483 is invalid, unenforceable and should be cancelled;

B. This case is exceptional under 15 U.S.C. § 1117(a) and Carnival is entitled to reimbursement of its reasonable attorneys' fees and costs incurred in connection therewith; and

C. Such further relief that this Court deems is appropriate.

DATED: June 15, 2023                    Respectfully submitted,

s/Jaime Rich Vining
By: **David K. Friedland**
Florida Bar No. 833479
Email: dkf@friedlandvining.com
**Jaime Rich Vining**
Florida Bar No. 030932
Email: jrv@friedlandvining.com
**FRIEDLAND VINING, P.A.**
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1721 – telephone
(305) 456-4922 – facsimile

*Counsel for Defendant/Counter-Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Richard Guerra**
**Javier Sobrado**
**Arthur Robert Weaver**
The Brickell IP Group, PLLC
1101 Brickell Avenue South Tower, Suite 800
Miami, FL 33131
Email: rguerra@brickellip.com
Email: JSobrado@BrickellIP.com
Email: rweaver@brickellip.com

               /s/Jaime Rich Vining
               Jaime Rich Vining

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier