UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21347-JEM

MIAMI SLICE PIZZA, LLC, a Florida
limited liability company,

    Plaintiff/Counter-Defendant,

v.

CARNIVAL CORPORATION, a Florida
corporation

    Defendant/Counter-Plaintiff.
_____/

## JOINT SCHEDULING REPORT

    Pursuant to Local Rules 16.1(b)(2) and 26.1 of the Local Rules of the United States District Court for the Southern District of Florida and Rule 26(f)(3) of the Federal Rules of Civil Procedure, Miami Slice Pizza, LLC (hereinafter, "Plaintiff"), and Carnival Corporation (hereinafter "Defendant") respectfully submit the following Joint Scheduling Report and Joint Proposed Scheduling Order. Plaintiff and Defendant (collectively, the "Parties") met and conferred to prepare this document.

    The Parties recommend that the Court place this case on the "Standard" Case Management Track as defined by Local Rule 16.1(a)(2)(B).

    The information required under the eleven subsections (a) through (k) of Local Rule 16.1(b)(2) is discussed below.

**(A) Discussion of the likelihood of settlement:**

    The Parties have engaged in preliminary settlement discussions and will continue to work to try to settle this dispute. If a settlement is reached, the Parties will promptly notify the Court.

**(B) Discussion of the likelihood of appearance in the action of additional parties:**

The Parties do not presently anticipate the appearance of additional parties.

**(C) Discussion of proposed limits on the time:**

The Parties propose the following time limits which are included in the attached Joint Proposed Scheduling Order:

    (i)     To amend the pleadings or join other parties: July 28, 2023

    (ii)    To complete fact discovery: March 4, 2024

    (iii)   To file and hear motions: March 25, 2024

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties agree to make good faith efforts to formulate and simplify the issues as the case progresses and such issues become apparent. If necessary, at the end of discovery, Plaintiff and Defendant will amend the pleadings to dismiss or withdraw any claims or defenses that are no longer appropriate. It is also proposed that the issues in this case may be simplified through motions for summary judgment and through motions *in limine*.

**(E) The necessity or desirability of amendments to the pleadings:**

At this time, the Parties do not anticipate that the pleadings will need to be amended. If the Parties determine that they may need to amend their pleadings based on discovery, they will do so in accordance with the schedule established herein or with the Court's permission. The Parties reserve their right to oppose any such motion to amend the pleadings.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regardingauthenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties are not presently aware of the need to obtain admissions or stipulations, or to determine the potential need for advance rulings on admissibility from the Court. Plaintiff and

Defendant agree that admissions/stipulations regarding underlying facts and the authenticity of certain documents is possible and desirable. Plaintiff and Defendant agree to cooperate in good faith to identify the facts and documents regarding which there is no dispute and prepare appropriate stipulations. The parties expect to reach an agreement regarding how to conduct electronic discovery, to the extent such electronic discovery is necessary.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties are not presently aware of any unnecessary proof or cumulative evidence that may be avoided. Plaintiff and Defendant will work toward avoiding unnecessary proof and obtaining stipulations regarding uncontested facts and authenticity of documents in advance of trial and further discuss the need for advance rulings regarding admissibility of evidence prior to trial. Plaintiff and Defendant will continue to work in good faith to narrow the issues for trial.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties agree that **<u>discovery</u>** disputes may be referred to the Magistrate Judge in the Court's discretion. The parties do not agree, at this time, that any other matters, including dispositive motions, should be referred to the Magistrate Judge. There do not appear to be any unique issues in this case, at this time, which would require a special master or Magistrate Judge.

**(I) A preliminary estimate of the time required for trial:**

At this stage in the litigation, Plaintiff and Defendant anticipate that the trial of this matter will take five (5) days.

**(J) Requested date or dates for conferences before trial, a final conference, and trial:**

The Parties request a final pretrial conference on or about April 29, 2024, subject to the convenience of the Court. The Parties further request a trial during the two-week trial period commencing on or after April 29, 2024, also subject to the convenience of the Court.

**(K) Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include in their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESU Checklist available on the Court's website.**

The parties agree that any ESI may be produced in .pdf or other image-file format but may request production of native-file formats on a document-by-document basis, as the need arises.

The Parties agree to comply with the claw-back provision set forth in Federal Rules of Civil Procedure, Rule 26(b)(5)(B). Inadvertent disclosure of privileged information shall not constitute a waiver of privilege.

The Parties intend to seek a Protective Order regarding confidential materials, and as part of that order or a separate order, to seek the protections from waiver that are afforded by Federal Rule of Evidence 502(d) and (e).

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

At present time, the Parties are not aware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

5

Dated: June 23, 2023								Respectfully submitted,

| | |
|---|---|
| */s/ A. Robert Weaver* | */s/ Jaime Rich Vining* |
| Richard Guerra | David K. Friedland |
| Florida Bar No. 689521 | Florida Bar No. 833479 |
| rguerra@brickellip.com | dkf@friedlandvining.com |
| A. Robert Weaver | Jaime Rich Vining |
| Florida Bar No. 92132 | Florida Bar No. 030932 |
| rweaver@brickellip.com | jaime.vining@friedlandvining.com |
| Javier Sobrado | **FRIEDLAND VINING, P.A.** |
| Florida Bar No. 44992 | 9100 S. Dadeland Blvd. |
| jsobrado@brickellip.com | Suite 1620 |
| **THE BRICKELL IP GROUP, PLLC** | Miami, FL 33156 |
| 1101 Brickell Ave. | 305.777.1721 – Telephone |
| South Tower, Suite 800 | 305.456.4922 – Facsimile |
| Miami, FL 33131 | |
| 305.728.8831 – Telephone | *Counsel for Defendant* |
| | |
| *Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail on June 23, 2023 on all counsel or parties of record via CM/ECF filing.

*/s/ A. Robert Weaver*
A. Robert Weaver
