UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21347-JEM

MIAMI SLICE PIZZA, LLC,

    Plaintiff/Counter-Defendant,

v.

CARNIVAL CORPORATION,

    Defendant/Counter-Plaintiff.
_____/

**JOINT CONFERRAL REPORT**

Pursuant to this Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge (the "Scheduling Order") [D.E. 10], Miami Slice Pizza, LLC (hereinafter, "Plaintiff"), and Carnival Corporation (hereinafter "Defendant") respectfully submitthe following Joint Conferral Report. Plaintiff and Defendant (collectively, the "Parties") met and conferred to prepare this document.

**I.**    **Information Required by Local Rule 16.1(b)(2)**

The information required under subsections (A), (B), and (D) through (k) of Local Rule 16.1(b)(2) is discussed below. *See* Scheduling Order, at ¶ 6.

**(A)**    **Discussion of the likelihood of settlement:**

The Parties have engaged in preliminary settlement discussions and will continue to work to try to settle this dispute. If a settlement is reached, the Parties will promptly notify the Court.

**(B)**    **Discussion of the likelihood of appearance in the action of additional parties:**

The Parties do not presently anticipate the appearance of additional parties.

**(D)     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties agree to make good faith efforts to formulate and simplify the issues as the case progresses and such issues become apparent. If necessary, at the end of discovery, Plaintiff and Defendant will amend the pleadings to dismiss or withdraw any claims or defenses that are no longer appropriate. It is also proposed that the issues in this case may be simplified through motions for summary judgment and through motions *in limine*.

**(E)     The necessity or desirability of amendments to the pleadings:**

At this time, the Parties do not anticipate that the pleadings will need to be amended. If the Parties determine that they may need to amend their pleadings based on discovery, they will do so in accordance with the schedule established herein or with the Court's permission. The Parties reserve their right to oppose any such motion to amend the pleadings.

**(F)     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties are not presently aware of the need to obtain admissions or stipulations, or to determine the potential need for advance rulings on admissibility from the Court. Plaintiff and Defendant agree that admissions/stipulations regarding underlying facts and the authenticity of certain documents is possible and desirable. Plaintiff and Defendant agree to cooperate in good faith to identify the facts and documents regarding which there is no dispute and prepare appropriate stipulations. The parties expect to reach an agreement regarding how to conduct electronic discovery, to the extent such electronic discovery is necessary.

**(G)     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties are not presently aware of any unnecessary proof or cumulative evidence that may be avoided. Plaintiff and Defendant will work toward avoiding unnecessary proof and obtaining stipulations regarding uncontested facts and authenticity of documents in advance of trial and further discuss the need for advance rulings regarding admissibility of evidence prior to trial. Plaintiff and Defendant will continue to work in good faith to narrow the issues for trial.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties agree that discovery disputes may be referred to the Magistrate Judge in the Court's discretion. The parties do not agree, at this time, that any other matters, including dispositive motions, should be referred to the Magistrate Judge. At this time, there do not appear to be any unique issues in this case that would require a special master or Magistrate Judge.

**(I) A preliminary estimate of the time required for trial:**

At this stage in the litigation, Plaintiff and Defendant anticipate that the trial of this matter will take five (5) days.

**(J) Requested date or dates for conferences before trial, a final conference, and trial:**

The Parties request a final pretrial conference on or about July 25, 2024, subject to the convenience of the Court. The Parties further request a trial during the two-week trial period commencing on or after July 29, 2024, also subject to the convenience of the Court.

**(K) Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include in their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESU Checklist available on the Court's website.**

The parties agree that any ESI may be produced in .pdf or other image-file format but may request production of native-file formats on a document-by-document basis, as the need arises.

3

The Parties agree to comply with the claw-back provision set forth in Federal Rules of Civil Procedure, Rule 26(b)(5)(B). Inadvertent disclosure of privileged information shall not constitute a waiver of privilege.

The Parties intend to seek a Protective Order regarding confidential materials, and as part of that order or a separate order, to seek the protections from waiver that are afforded by Federal Rule of Evidence 502(d) and (e).

## II.     Additional Information

In compliance with the Scheduling Order, the Parties further state:

### (1) Whether the trial will be jury or non-jury

Jury trial on Plaintiff's claims. The relief sought by Defendant in its Counterclaim should be decided by the Court.

### (2) An outline of the legal elements of each claim and defense raised by the pleadings

Plaintiff has brought federal, state, and common law claims for trademark infringement. Trademark infringement is generally demonstrated by showing (1) that a plaintiff possess a valid mark, (2) that the defendant used the mark, (3) that the defendant's use of the mark occurred in commerce, (4) that the defendant's used the mark in connection with the sale or advertising of any goods or services, and (5) that the defendant used the mark in a manner likely to confuse consumers. *North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008).

Defendant denies each of the claims brought by Plaintiff, as Plaintiff does not have any protectable rights in the non-distinctive phrase MIAMI SLICE. Likewise, in its Counterclaim, Defendant seeks cancellation of Plaintiff's asserted trademark registration, issued on the Supplemental Register of the U.S. Patent and Trademark Office, on the basis that MIAMI SLICE is a generic name for a Miami-style of pizza that is fairly used by Defendant. Making this determination "involves a two-step inquiry: First, what is the genus of goods or services at issue? Second, is the term sought to be registered … understood by the relevant public primarily to refer to that genus of

4

goods or services?" *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528, 530 (Fed. Cir. 1986)); *see also Royal Crown Co. v. Coca-Cola Co.*, 892 F.3d 1358, 127 USPQ2d 1041, 1046 (Fed. Cir. 2018). Defendant submits that the relevant public understands the phrase MIAMI SLICE to refer primarily to the genus of services at issue, i.e., a Miami-style pizza, which food is a key offering of pizza restaurants.

**(3) A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue**

At this time, Plaintiff cannot provide a non-speculative, good-faith valuation of its damages. Discovery is necessary. Plaintiff may pursue a disgorgement of infringing profits, and at this early stage of the lawsuit without the benefit of discovery, that valuation is speculative because Defendant's profits are unknown. Plaintiff may also pursue actual damages such as a reasonable royalty, loss of goodwill, and corrective advertising. Again, at this early stage of the lawsuit without the benefit discovery, that valuation is speculative is because discovery is needed as to various factors that would affect a reasonable royalty (*e.g.* what Carnival pays for a licensing fee for other restaurants) as well as expert testimony.

At this time, Defendant is not seeking actual damages in connection with its counterclaim for declaratory relief. However, Defendant intends to seek its attorneys' fees and costs incurred in prosecuting this action, as may be permitted by law. Carnival will provide information concerning such fees and costs at the appropriate time.

**(4) The need for variance from the discovery limitations imposed**

At this time, the Parties do not anticipate any variance will be necessary.

**III.     Magistrate Jurisdiction Election Form**

Appended to this Report is an Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions. *See* Scheduling Order, at ¶ 7.

Dated: July 21, 2023                                              Respectfully submitted,

*/s/ A. Robert Weaver*                                           */s/ Jaime Rich Vining*
Richard Guerra                                                   David K. Friedland
Florida Bar No. 689521                                           Florida Bar No. 833479
rguerra@brickellip.com                                           dkf@friedlandvining.com
A. Robert Weaver                                                 Jaime Rich Vining
Florida Bar No. 92132                                            Florida Bar No. 030932
rweaver@brickellip.com                                           jaime.vining@friedlandvining.com
Javier Sobrado                                                   **FRIEDLAND VINING, P.A.**
Florida Bar No. 44992                                            9100 S. Dadeland Blvd.
jsobrado@brickellip.com                                          Suite 1620
**THE BRICKELL IP GROUP, PLLC**                                  Miami, FL 33156
1101 Brickell Ave.                                               305.777.1721 – Telephone
South Tower, Suite 800                                           305.456.4922 – Facsimile
Miami, FL 33131
305.728.8831 – Telephone                                         *Counsel for Defendant*

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail on July 21, 2023 on all counsel or parties of record via CM/ECF filing.

*/s/ A. Robert Weaver*
A. Robert Weaver

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21347-JEM

MIAMI SLICE PIZZA, LLC,

    Plaintiff/Counter-Defendant,

v.

CARNIVAL CORPORATION,

    Defendant/Counter-Plaintiff.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs            Yes __X__    No_____
2. Motions for Attorney's Fees  Yes __X__    No_____
3. Motions for Sanctions        Yes _____   No __X__
4. Motions to Dismiss           Yes _____   No __X__
5. Motions for Summary Judgment Yes _____   No __X__
6. Discovery                    Yes __X__    No_____
7. Other (specify) _____

July 21, 2023          /s/ A. Robert Weaver
(Date)                 Plaintiff's Counsel

July 21, 2023          /s/ Jaime Rich Vining
(Date)                 Defendant's Counsel