**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 23-cv-21347-JEM/Becerra

MIAMI SLICE PIZZA, LLC, a Florida
limited liability company,

      Plaintiff/Counter-Defendant,

v.

CARNIVAL CORPORATION, a Florida
corporation

      Defendant/Counter-Plaintiff.

_____/

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY **ORDERED AND ADJUDGED** AS FOLLOWS:

      1.     This Protective Order shall be applicable to and govern the production and handling of all depositions, documents, records, tangible materials, testimony, answers, responses, depositions, pleadings, exhibits, and all other information produced, served, disclosed or filed, whether voluntary or through discovery proceedings, and other information exchanged by the parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or other information which either party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively hereinafter "Protected Material(s)") pursuant to the terms of this Protective Order. The Protective Order governs Protected Material produced after the entry of the Protective Order. The word "document" in this Protective Order shall have the meaning given to the word document in Rule 34(a) of the Federal Rules of Civil Procedure.

      2.     The provisions of this Protective Order shall apply to (1) the parties to this action including, but not limited to, their employees, former employees, officers, directors, agents,

1

representatives, subsidiaries, affiliates, related entities, assigns, successors-in-interest and any individuals or companies retained by any of the parties; (2) court reporters; and (3) any person who agrees to be bound by the terms of this Protective Order. As used herein, "Person" includes the named parties and others who have agreed to be bound by this Protective Order.

3. A party may designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the party, in good faith, believes the Protected Material contains proprietary information that is used by it in, or pertaining to, its business which information is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. Any Protected Material shall be used by the parties herein and any other person bound under this Protective Order solely for the purpose of this litigation and for any other judicial or administrative proceeding or litigation involving any of the parties herein, but for no other purpose whatsoever.

4. It is expressly contemplated and agreed that third party witnesses may invoke all provisions of this Protective Order which are available to the parties herein, and that the parties herein will treat all materials produced by a third party witness, which material is designated in writing by the third party witness as "CONFIDENTIAL" or, as set forth below, "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as Protected Material in accordance with the terms of this Protective Order.

5. Parties shall designate any Protected Material as CONFIDENTIAL as follows:

   i. By placing the designation "CONFIDENTIAL", "CONFIDENTIAL MATERIAL", "CONFIDENTIAL SUBJECT TO A CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER", or a designation of similar import on any such Protected Material. If originals of documents are produced

for inspection then such designation shall be placed upon the documents at the time of copying of such documents.  In the event that a party inadvertently fails to stamp or otherwise designate material as CONFIDENTIAL at the time of its production or disclosure, that producing party shall, within fifteen (15) business days after such production or disclosure, so stamp or otherwise designate the material in order to bring the material within the protection of this Protective Order.  The receiving party shall, subsequent to the disclosing party's designation, immediately give notice thereof to each person, if any, to whom the previously undesignated material was disclosed, and thereafter such document or information and all such persons shall be subject to the provisions of this Protective Order.

ii. In the case of depositions, designation of any portion of the transcript (including exhibits) which contains Protected Material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party whose Protected Material was offered or identified during the deposition.  Said review by counsel shall occur within thirty (30) calendar days after counsel's receipt of the transcript.  Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Protected Material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL; if no such designation is made within thirty (30) days after

        receipt of the transcript, the transcript shall be considered not to contain any Protected Material, unless previously so designated during the deposition or upon subsequent agreement of the parties.

    iii.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains Protected Material, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal, in accordance with paragraph 8 below.

6.    The inadvertent or unintentional failure by a producing party to designate specific materials under paragraphs 5 or 10 as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

7.    Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during a deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return. If the parties are unable to reach an agreement in good faith within fourteen (14) calendar days of such notice as to the disposition of such material, the producing party may seek relief from the Court. The receiving party shall not disclose

material for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than to those persons who have had it in their possession prior to the receipt of the notice from the producing party, until the expiration of the fourteen (14) calendar day period identified in this paragraph or, if application is made to this Court, until disposition of that application, including appeals.

8. Protected Material designated as CONFIDENTIAL shall be disclosed only to: (a) the Court under seal in accordance with the Local Rules of the Court; (b) the parties' respective outside counsel (including support staff); (c) outside stenographic court reporters and language translators (including support staff) as reasonably necessary; and (d) the additional individuals listed in items (i) through (vi) below, provided such additional individuals have read this Protective Order in advance of disclosure and signed an undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel:

    i. two (2) in-house corporate representatives of each party (officers, directors or employees of a party who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with the litigation of this action);

    ii. outside experts and outside consultants retained by the parties or their outside counsel in this action;

    iii. a deponent or other witness who authored, received, or reviewed prior to the initiation of the above-styled case Protected Material marked CONFIDENTIAL, but only to the extent of the person's familiarity with the Protected Material;

    iv.    independent copying services, independent exhibit makers and other independent litigation support services retained by counsel (only the supervisor/manager of each such service requiring access to Protected Material shall be obligated to sign the undertaking attached hereto as Exhibit A);

    v.    paralegals, stenographic, clerical employees and translators associated with the individuals in i-iv above, but only as part of a disclosure to said individuals in accordance with this stipulation and order; and

    vi.    such other individuals as the parties may stipulate.

9.    Either of the parties may designate especially sensitive and proprietary Protected Material as HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY. This designation shall be made as sparingly as possible and all Protected Material requiring this designation shall bear a legend having the words "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or words of similar import. Any Protected Material which is designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be subject to all of the same provisions in this Protective Order that apply to Protected Material designated as CONFIDENTIAL and, further, may be disclosed to any of the individuals identified in paragraph 8 above _except_ the in-house corporate representatives of each party under paragraph 8(a) above, who shall not have access to material or information designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. The parties agree that material or information designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed to one (1) in-house counsel for the respective parties, provided that such additional individual has read this Protective Order in advance of disclosure and signed an undertaking in the form attached as Exhibit A, which shall also be retained in the files of outside counsel.

10. Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and any copies thereof, shall not be made public by counsel or persons entitled access to such Protected Material under this Protective Order, and shall not be disclosed to anyone other than the Court and the persons entitled to access such Protected Material under this Protective Order, unless such Protected Material becomes a part of the public record of this litigation other than through conduct in breach of this Protective Order.

11. All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court and any pleadings, motions, objections or exhibits and other papers filed with the Court disclosing any Protected Material, shall be filed under seal and kept under seal until further order of the Court or subsequent written agreement or acknowledgement of the parties.

12. Each individual who receives any Protected Material, designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

13. The recipient of any Protected Material, designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

14. A party shall not be obligated to challenge the propriety of Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the

event that the parties to this action disagree at any stage of this litigation with such designation, such party shall provide to the producing party seven (7) calendar days prior written notice of its disagreement with the designation. The parties shall first meet and confer, in-person or by telephone or video conference, to resolve such dispute in good faith during this seven (7) day notice period. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court following the meet and confer. The burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be on the party making such designation. Frivolous challenges or baseless designations made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose either party to attorney fee shifting. Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the at-issue designation until the Court rules on the challenge.

15. Nothing in this Protective Order shall preclude any party herein, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as Protected Material.

16. Nothing in this Protective Order shall preclude any party herein or their attorneys (a) from showing Protected Material designated as CONFIDENTIAL to an individual who either prepared or lawfully reviewed the document prior to the filing of this action, or (b) from disclosing

or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL.

17. Nothing in this Protective Order shall require disclosure of Protected Material which the conveying party contends is protected from disclosure by the attorney-client privilege or the work-product immunity or of material the disclosure of which might constitute a breach of an agreement with a third party. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such Protected Material.

18. This Protective Order shall survive the termination of this litigation. Within sixty (60) days of the conclusion of this proceeding, all Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and all copies thereof shall be either returned to the producing party or destroyed and the receiving party shall confirm that such destruction has occurred.

19. This Protective Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

**DONE AND ORDERED** in Chambers in Miami, Florida on September 20, 2023.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Florida on [date] in the case of *Miami Slice Pizza, LLC v. Carnival Corporation*, 1:23-cv—21347-JEM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Florida agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____