IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-21347

**MIAMI SLICE PIZZA, LLC**,

      Plaintiff/Counter-Defendant,

v.

**CARNIVAL CORPORATION**,

      Defendant/Counter-Plaintiff.

**REPLY MEMORANDUM IN SUPPORT OF CARNIVAL'S MOTION TO BIFURCATE**

Defendant/Counter-Plaintiff Carnival Corporation ("Carnival"), by and through undersigned counsel, respectfully submits this reply memorandum of law in support of its Motion to Bifurcate (DE-19)(the "Motion").

**I. INTRODUCTION**

In its Opposition to Carnival's Motion to Bifurcate (the "Opposition"), Plaintiff/Counter-Defendant Miami Slice Pizza, LLC ("MSP") attempts to cloud the issue before the Court, namely, whether bifurcation of whether MSP has any enforceable rights is appropriate.[1] MSP mischaracterizes the nature of the Motion, arguing hyperbolically that "Carnival essentially contends that the most efficient option is to have seven separate trials – one for each likelihood of confusion factor – and then have an eighth trial on damages." Opposition, p. 5. However, in so

---

[1] Carnival previously analyzed the factors in determining whether to order bifurcation, namely: (1) separability of the issues; (2) simplification of discovery and the conservation of resources; (3) prejudice to parties; (4) the effect of bifurcation on the potential for settlement; and (5) suitability of bifurcating trial but not discovery. *Silvers v. Google Inc.*, 2006 U.S. Dist. LEXIS 110447, at *11-12 (S.D. Fla. Feb. 6, 2006). For purposes of this reply memorandum, Carnival will not re-litigate those arguments here.

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

arguing, MSP fails to address the key question before the Court on this Motion: does MSP have any trademark rights in the phrase MIAMI SLICE? If not, there is no need to further conduct discovery or trial on the issue of alleged infringement by Carnival.

Specifically, MSP ignores the fact that, through its predecessor, Sotavento Ventures, LLC ("Sotavento"), MSP already conceded that "the mark 'MIAMI SLICE' is merely primarily geographically descriptive of [MSP's] services." Again, the U.S. Patent and Trademark Office ("USPTO") previously concluded that:

> The wording "MIAMI" is a well-known geographic location, and the applicant is based in Miami, Florida, creating an association between the services and the place. Further, the wording "SLICE" is defined as "An often wedge-shaped piece cut from a larger, usually circular object [such as] a slice of pizza", and is therefore merely descriptive of applicant's "Restaurant services".

MSP does not contest this fact. The determination that MIAMI SLICE "is merely primarily geographically descriptive" is critical because in the absence of protectable trademark rights, MSP's asserted claims fail. *See McCarthy on Trademarks and Unfair Competition* § 14:9 ("Prior to obtaining secondary meaning, there can be no likelihood of customer confusion, for by definition, customers take the geographic term as being merely descriptive of the location of origin of the goods, and not indicative of any single manufacturer or seller in that locality.").

MSP does not address the conceded weakness of the phrase MIAMI SLICE or its asserted Supplemental Registration in its Opposition, instead focusing primarily on its purported entitlement to sensitive financial information and a baseless damages claim. As MSP acknowledges, it is using these irrelevant discovery requests to harass Carnival and leverage an opportunistic settlement ("Miami Slice's ability to obtain discovery related to liability and

2

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

damages will only drive forward settlement.").[2] The cart is clearly ahead of the horse. Thus, despite MSP's protests, an early determination that MSP lacks enforceable trademark rights would *not* "complicate the litigation," as such a determination would dispose of the litigation in its entirety.

## II.  REPLY

Through its Motion, Carnival seeks to streamline these proceedings by bifurcating the determination of trademark rights from the infringement and other liability claims. Such bifurcation is appropriate under Rule 42(b) of the Federal Rules of Civil Procedure because bifurcation will expedite resolution of this case, conserve judicial resources and avoid unnecessary prejudice to the parties. Only after determining whether MSP possesses any enforceable trademark rights should the Court be faced with issues of infringement and liability.

The Opposition ignores one of the most basic premises of trademark infringement law, namely, that a plaintiff must establish *as a prerequisite* that it has enforceable rights in its mark to prevail on a trademark infringement claim. *Turner Greenberg Assoc., Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004)(in order to succeed on a claim for trademark infringement, the plaintiff must establish two elements: (1) valid ownership of the mark; and (2) a likelihood of confusion); *see also Alliance Metals, Inc. v. Hinely Industries, Inc.*, 222 F.3d 895, 906 (11th Cir. 2000). Ownership and validity of a trademark is not, as MSP argues, only one factual issue of one element that the jury will consider in a seven-part test of likelihood of confusion. Opposition, pp. 4-5.  Rather, it is a threshold inquiry separate and apart from the likelihood of confusion test.

Here, Carnival is asking the Court to bifurcate discovery and trial to allow for a

---

[2] Opposition, p. 8.

determination of the threshold issue of whether MSP has any enforceable trademark rights in the phrase MIAMI SLICE, given its prior representations to the USPTO. Should the Court agree with the USPTO that the phrase MIAMI SLICE "is merely primarily geographically descriptive of [MSP's] services," MSP would be unable to meet the initial hurdle for showing trademark infringement and this would obviate the need to adjudicate the issue of likelihood of confusion.

Bifurcating the case to separate the preliminary issue, namely the validity, scope, and priority of rights allegedly held by MSP, from the trademark infringement and other liability issues in MSP's claims is appropriate under Rule 42(b) because bifurcation will expedite resolution of this case, conserve judicial resources, and avoid unnecessary and otherwise inevitable prejudice to Carnival. In light of the broad discretion granted to district courts in considering whether to bifurcate a trial and the low standard of "furthering convenience," Carnival has sufficiently demonstrated that the Court would be acting well within its discretion if it grants the motion for bifurcation. *See Harrington v. Cleburne County Board of Education,* 251 F.3d 935, 938 (11th Cir. 2001) (standard for granting bifurcation is not a high one). Carnival cited a number of cases where the court has exercised its discretion to bifurcate the trial in a trademark infringement action. *See, e.g., City of Newark v. Beasley*, 883 F. Supp. 3, 4 (D. N.J. 1995)(bifurcating issues of trademark ownership and infringement); *Brooks Shoe Manufacturing Co ., Inc. v. Suave Shoe Corp.*, 533 F. Supp. 75, 84 n.16 (S.D. Fla. 1981)(bifurcating liability and damages in trademark action); *St. Charles Man. Co. v. Mercer*, 737 F.2d 891, 892 (11th Cir. 1983)(bifurcating liability and damages); *Isaly Co. v. Kraft, Inc.*, 619 F. Supp. 983, 998 (M.D. Fla. 1985)(bifurcating liability and damages).

Finally, MSP offers no case law in support of its Opposition, further suggesting that

4

bifurcation is warranted here. Carnival respectfully requests that this Court determine the threshold issue of whether MSP has any enforceable trademark rights before engaging in an inquiry as to infringement.

### III.  CONCLUSION

Bifurcating the threshold issue of validity from the infringement and liability phase of both discovery and trial is appropriate in this case because doing so serves the interests that Rule 42(b) promotes. As detailed above and in Carnival's opening brief, bifurcation would allow for a rapid resolution of the case, streamline and simplify the proceedings, safeguard against confusion between validity and liability issues, and avoid prejudice to the parties. Because the validity issue in this case is an absolute prerequisite to the existence of any case by MSP against Carnival, it is especially well suited to bifurcation because resolving this initial issue can obviate the need to resolve the infringement claim.

DATED:  November 20, 2023              Respectfully submitted,

                                       s/David K. Friedland
                                       By:  **David K. Friedland**
                                       Florida Bar No. 833479
                                       Email:  dkf@friedlandvining.com
                                       **Jaime Rich Vining**
                                       Florida Bar No. 030932
                                       Email:  jrv@friedlandvining.com
                                       **FRIEDLAND VINING, P.A.**
                                       9100 S. Dadeland Blvd., Suite 1620
                                       Miami, FL 33156
                                       (305) 777-1721 – telephone
                                       (305) 456-4922 – facsimile

                                       *Counsel for Defendant/Counter-Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Richard Guerra**
**Javier Sobrado**
**Arthur Robert Weaver**
The Brickell IP Group, PLLC
1101 Brickell Avenue South Tower, Suite 800
Miami, FL 33131
Email: rguerra@brickellip.com
Email: JSobrado@BrickellIP.com
Email: rweaver@brickellip.com

                                             /s/David K. Friedland
                                             David K. Friedland