# EXHIBIT C -

# Materials Upon Which Carnival Intends to Rely:

# Doc No. 22, pp. 7-8

far greater resources than Miami Slice, undoubtedly has no qualm delaying this lawsuit from full resolution. The increase to Carnival's legal fees for multiple trials is likely of minimal consequence. But for Miami Slice, in addition to the effectively doubling its legal fees, a delay of full adjudication of Miami Slice's claims prejudices Miami Slice as it is experiencing ongoing irreparable harm:

> Miami Slice's brand, goodwill, and reputation are all on the line in this lawsuit. Absent relief from the Court, Miami Slice's artisan pizza and popular quick service concept is likely be confusingly associated with cruise line food. Such confusion is an ongoing threat to crush this restaurant's success story. Indeed, in just a few months since Carnival Celebration first set-sail, actual consumer confusion has already begun to surface demonstrating that consumers are, and will continue, falsely associating the infringing restaurant on the Carnival Celebration with Miami Slice."

Amended Complaint, at ¶ 7.

Moreover, party prejudice may not always readily reveal itself. For example, the *Bosch* decision is a cautionary tale how decisions to bifurcate intellectual property disputes can lead to unanticipated prejudice. In *Bosch*, the decision to bifurcate liability and damages hindered the plaintiff at trial because of overlapping issues in discovery the plaintiff was precluded from obtaining. *Bosch*, 659 F.3d at 1155 ("Because the district court granted Pylon's motion to bifurcate damages, Bosch had no opportunity to obtain discovery relating to Pylon's financial condition, or that of its corporate parent before the court considered its request for injunctive relief.").

Again, the best course is to stay the course and deny bifurcation.

### E. Staying Damages Discovery Will Chill Settlement Efforts

If the parties do not exchange financial documentation, then Miami Slice will not have the evidence it needs to fairly determine a reasonable royalty with the aid of an industry expert. Without this discovery, it is difficult for Miami Slice to fairly assess the value of its claims and what might constitute a reasonable resolution with Carnival. Contrary to Carnival's assertion,

7

Miami Slice does not anticipate "lengthy damage discovery." Motion, at 7-8. Miami Slice's ability to obtain discovery related to liability and damages will only drive forward settlement. Bifurcating the case will stall settlement.

### III. CONCLUSION

For at least the foregoing reasons, Miami Slice respectfully requests the Court deny Carnival's Motion to Bifurcate.

Date: November 13, 2023

Respectfully submitted by,

**THE BRICKELL IP GROUP, PLLC**
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
**A. Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
**Richard Guerra**
Fla. Bar No. 689521
Email: rguerra@brickellip.com
**Javier Sobrado**
Fla. Bar No. 44992
Email: jsobrado@brickellip.com

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail on November 13, 2023 on all counsel or parties of record via CM/ECF filing.

*/s/ A. Robert Weaver*
A. Robert Weaver