# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.: 1:23-cv-21347-JEM

MIAMI SLICE PIZZA, LLC, a Florida
limited liability company,

    Plaintiff/Counter-Defendant,

v.

CARNIVAL CORPORATION, a Florida
corporation

    Defendant/Counter-Plaintiff.
_____/

## AMENDED NOTICE OF DISCOVERY HEARING

Plaintiff Miami Slice Pizza, LLC ("Miami Slice"), pursuant to the Court's Order Memorializing Discovery Hearing [D.E. 26], hereby files this Amended Notice of Discovery Hearing and states as follows:

Plaintiff's Request for Production Nos. 1-11

Since the Wednesday December 13th hearing, the Parties have met and conferred through several e-mails and lengthy teleconferences to narrow the issues in these requests but are now at impasse.

Miami Slice has agreed to narrow these requests to be limited to: a) the agreements themselves which govern the use of the third-party marks; b) documentation sufficient to evidence consideration paid to the third parties for use of the third-party marks; and c) the Shaquille O'Neal "Big Chicken" and Guy Fieri "Burger Joint" restaurants that were identified in the Holzen declaration. For the sake of clarity, Miami Slice has rewritten Requests for Production Nos. 1-11 to the following Revised Requests for Production:

1

- Revised Request No. 1 - The agreement(s) between Carnival and Knuckle Sandwich LLC ("Knuckle Sandwich") which govern the terms by which Carnival is permitted to use the mark "GUY'S BURGER JOINT" in connection with goods and services offered on board the Carnival Celebration.

- Revised Request No. 2 - Documents sufficient to evidence the consideration promised to, and actually provided to, Knuckle Sandwich in connection with the agreement(s) responsive to Revised Request No. 1.

- Revised Request No.3 - The agreement(s) between Carnival and BCIP LLC ("BCIP") which govern the terms by which Carnival is permitted to use the mark "BIG CHICKEN" in connection with goods and services offered on board the Carnival Celebration.

- Revised Request No. 4 - Documents sufficient to evidence the consideration promised to, and actually provided to, BCIP in connection with the agreement(s) responsive to Revised Request No. 3.

At the December 13, 2023 hearing, Defendant Carnival Corporation ("Carnival") conditionally offered the possibility of redacting portions of the Knuckle Sandwich and BCIP agreements, an option that would conceivably address its objections that the requests are overbroad and unduly burdensome, while maintaining its relevancy and confidentiality objections on the basis that a reasonable royalty theory should not under consideration for this case.

With respect to the relevancy objection, for reasons stated at the hearing Carnival maintains that these agreements are irrelevant to any claim or defense in this matter. For reasons stated at the hearing, Miami Slice maintains that these agreements are relevant as comparable, or at least likely comparable once reviewed, agreements to a reasonable royalty damages theory.

With respect to redacting the agreements, Miami Slice did not agree to a redaction because: a) Miami Slice will abide by Carnival's confidentiality designation pursuant to the stipulated protective order; and b) Miami Slice's counsel and damages expert need to review all obligations between Carnival and the third parties in order to assess the value/revenue attributed to the third-party restaurants.

At a minimum, should the Court determine that the Knuckle Sandwich and BCIP agreements are relevant, Carnival proposes partially redacting the agreements and leaving open the possibility of the Parties meeting and conferring on the scope of Carnival's redactions of the agreements after Miami Slice's counsel has reviewed the redacted version. Miami Slice, again, contends that the confidentiality protections of the protective order are sufficient and extending the meet and confer process may only serve to delay resolution, potentially prejudicing Miami Slice as it works to prepare its damages expert report.

Accordingly, the Parties respectfully submit that after further conferral, this issue is now ripe for the Court's adjudication and respectfully request the Court enter an order as to Carnival's relevancy and confidentiality objections. The Parties would strongly prefer resolution based on this Amended Notice and argument previously provided to the Court because counsel have significant unavailability for an in-person hearing due to holiday travel. Specifically, counsel for Plaintiff is unavailable 12/20-12/27 and counsel for Defendant is unavailable 12/22-1/5.

<u>Plaintiff's Request for Production Nos. 39</u>

The Parties need additional time with respect to this request. The Parties have been diligently conferring regarding the scope of this request, including Carnival's documents that exist and reports that Carnival is feasibly capable of generating. While the Parties are optimistic they can resolve this request in the next few days, with the holidays approaching the Parties'

3

availabilities may soon be limited. Accordingly, the Parties intend to continue conferring on this request and will update Court whether additional intervention is necessary on or before January 8, 2024.

## Local Rule 7.1(a)(3) Certification

As stated herein, counsel for the Parties continued to meet and confer after the hearing and were able to significantly narrow the issues but at are at impasse with respect to the first category of documents. Additionally, counsel for Miami Slice provided counsel for Carnival a copy of this Notice to ensure that Carnival's remaining objections and positions are accurately stated herein.

Date: December 18, 2023 				Respectfully submitted by,

**THE BRICKELL IP GROUP, PLLC**
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
**A. Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
**Richard Guerra**
Fla. Bar No. 689521
Email: rguerra@brickellip.com
**Javier Sobrado**
Fla. Bar No. 44992
Email: jsobrado@brickellip.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail on December 18, 2023 on all counsel or parties of record via CM/ECF filing.

*/s/ A. Robert Weaver*
A. Robert Weaver