**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 1:23-cv-21347-JEM**

**MIAMI SLICE PIZZA, LLC**,

    Plaintiff/Counter-Defendant,

v.

**CARNIVAL CORPORATION**,

    Defendant/Counter-Plaintiff.

_____/

**DEFENDANT'S EXPEDITED MOTION TO
FURTHER AMEND SCHEDULING ORDER**

Defendant Carnival Corporation ("Carnival"), by and through undersigned counsel, respectfully moves, pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 7.1(d)(2), for the entry of an Expedited Order further extending certain deadlines in the current schedule for this matter, as set forth in the Court's Order on Unopposed Motion to Continue Trial and Pretrial Dates [D.E. 33] (the "Amended Scheduling Order"), and states as follows:

    1.    The Court entered the Amended Scheduling Order on January 16, 2024. Pursuant to the Amended Scheduling Order, rebuttal expert disclosures and reports are due May 1, 2024 and all discovery is set to close June 21, 2024, with deadlines for dispositive motions and other pretrial activities set between July and October 2024, in advance of the current trial calendar commencing on November 18, 2024.

    2.    The parties have diligently been engaged in fact and expert discovery, with over

**FRIEDLAND VINING, P.A.** • (305) 777-1725 • COURT@friedlandvining.com

30,000 documents having been produced, Plaintiff having conducted five (5) depositions to date,[1] and the parties having exchanged a series of expert disclosures and reports on April 1, 2024.

3. However, Carnival is in the process of retaining new lead trial counsel, namely Sheryl Garko, Laura Najemy, and Lindsay Rindskopf of the law firm of Orrick, Herrington & Sutcliffe, LLP (the "Orrick attorneys") to work on this matter with undersigned counsel, who will remain counsel of record in this matter and will serve as the Orrick attorneys' local counsel. Undersigned counsel will be filing Pro Hac Vice motions on behalf of the Orrick attorneys in the immediate future.

4. The Orrick attorneys were only very recently retained and began reviewing the files related to this matter in order to bring themselves up to speed and provide additional input that is pertinent to Carnival's defense of this matter. However, there have been, to date, over 30,000 documents and native files produced in discovery for this matter, along with deposition transcripts and initial expert reports, making a review of this matter's files a time-consuming endeavor. It is necessary for Carnival's new lead trial counsel to learn the existing record to be able to adequately participate in the defense of this matter on behalf of Carnival through the remainder of discovery, dispositive motions, and trial.

5. Furthermore, lead counsel for Plaintiff, specifically A. Robert Weaver, previously advised undersigned counsel, in a March 29, 2024 email that was preceded by a telephone conversation addressing the same issue, that he and Javier Sobrano both would be attending to personal family matters requiring their attention for approximately six (6) weeks beginning in early May 2024, as a result of which they would not be available to conduct or defend in-person

---

[1] One of Plaintiff's deposition witnesses did not appear for his noticed deposition.

depositions of the parties and certain of their representatives, along with various experts disclosed to date. A copy of Mr. Weaver's email is attached hereto as "Exhibit A." Plaintiff asked Carnival for its assent to extend the schedule in this matter given what was conveyed to Carnival as unavailability during that entire time period.

6. As a result of Mr. Weaver's communication, Carnival anticipated that the period from May 5 to June 21, 2024 (the current discovery deadline) would be an inopportune time to schedule depositions in this matter and therefore did not notice any additional depositions during this time frame.

7. Subsequently, on April 22, 2024, Carnival proposed that the parties jointly move the Court to extend the remaining deadlines so as to accommodate the schedules of Messrs. Weaver and Sobrano in a way that would also be workable for Carnival and its counsel. In response to this proposal, Plaintiff's counsel only then advised that they had made "personal and professional arrangements to meet the June 21 discovery deadline" and therefore now did not see the need for the extension previously requested for which Carnival had proposed specific dates that allowed for Plaintiff's unavailability and the availability of Carnival's witnesses and counsel.

8. However, Plaintiff's counsel did not communicate such alternative arrangements to Carnival's counsel until April 23, 2024, 26 days after initially advising Carnival of the personal family matters that would make them generally unavailable from May 5 to June 21, 2024. During this nearly 4-week silence on the issue, Carnival took no steps to schedule any further depositions, primarily out of respect for the family matters to which Plaintiff's counsel indicated they needed to attend.

9. As a result of the addition of the Orrick attorneys as Carnival's lead trial counsel

in this matter, along with Carnival's reliance upon Plaintiff's counsel's disclosure of personal family matters requiring their attention, Carnival submits that good cause exists to extend the discovery period, and related deadlines as follows:

| Deadline | Current | Proposed |
| --- | --- | --- |
| Parties shall exchange rebuttal expert witness summaries and reports | May 1, 2024 | June 15, 2024 |
| All discovery, including expert discovery, shall be completed | June 21, 2024 | August 30, 2024 |
| All *Daubert*, summary judgment, and other dispositive motions shall be filed | July 19, 2024 | September 27, 2024 |
| All pretrial motions and memoranda of law must be filed | September 13, 2024 | November 8, 2024 |
| Joint Pretrial Stipulation must be filed | September 27, 2024 | November 29, 2024 |
| Proposed jury instructions and/or proposed findings of facts and conclusions of law must be filed | October 25, 2024 | January 10, 2025 |
| Proposed *voir dire* questions must be filed | October 30, 2024 | January 15, 2025 |
| Calendar Call | November 14, 2024 | January 23, 2025 |
| Trial set for the two-week period commencing: | November 18, 2025 | January 27, 2025 |

10.     Pursuant to Federal Rule of Civil Procedure 16(b)(4), a party requesting to modify the Court's scheduling order must show "good cause" for such modification. To require any less "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *777 Partners LLC v. Pagnanelli*, 2021 U.S. Dist. LEXIS 211059, *2-3 (S.D. Fla. June 28, 2021) (Martinez, J.), *quoting Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "The good cause standard precludes

modification of the court's scheduling order unless the scheduling cannot 'be met *despite the diligence* of the party seeking the extension.'" *Id.* (emphasis added; quotation and citation omitted); *see also Power v. Power Pizza Enters.*, 2008 U.S. Dist. LEXIS 135033 (S.D. Fla. Jan. 30, 2008) (Martinez, J.).

11. In this case, Carnival has been diligent in its actions. Undersigned counsel responded to Plaintiff's counsel's notification of the personal family matters of two of Plaintiff's attorneys by coordinating matters with Carnival and then proposing that the parties jointly seek to amend the Scheduling Order.

12. Nearly four weeks after Plaintiff's counsel's notification of those personal family matters, and only in response to Carnival's proposal that the parties jointly seek to amend the Scheduling Order, Plaintiff's counsel suddenly pivoted positions and advised that those personal matters no longer were applicable.

13. However, in reliance on, and out of sensitivity to, Plaintiff's counsel's disclosure of those personal matters, Carnival did not seek to schedule any additional depositions or conduct any further discovery during the nearly four (4) weeks that Carnival had been led to believe that personal matters precluded Plaintiff's counsel from actively participating in this matter for the final six (6) weeks of the discovery period.

14. Additionally, Carnival also very recently decided to retain new lead trial counsel, the Orrick attorneys and these new attorneys require a reasonable period of time to familiarize themselves with the case so as to meaningfully contribute to Carnival's defense, which is necessary during the remainder of the discovery period.

15. Based on the foregoing, and in view of Carnival's diligence in this matter to date,

CASE NO.: 1:23-cv-21347-JEM

Carnival respectfully submits that good cause exists for the Court to consent to an amendment to the Scheduling Order, as set forth above.

WHEREFORE, Carnival respectfully requests that the Court further amend the Scheduling Order deadlines pertaining to discovery and related deadlines as proposed herein. A proposed Order is submitted herewith.

DATED:  April 25, 2024                                   Respectfully submitted,

s/David K. Friedland
By:  **David K. Friedland**
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
**Jaime Rich Vining**
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
**FRIEDLAND VINING, P.A.**
6619 South Dixie Highway, PMB 157
Miami, FL 33143
(305) 777-1725 – telephone

*Counsel for Defendant/Counter-Plaintiff*

## STATEMENT REGARDING EXPEDITED MOTION

Pursuant to Local Rule 7.1(d)(2), Carnival respectfully requests that the Court issue an expedited ruling by no later than April 30, 2024, the day before the current rebuttal expert disclosure deadline. This deadline is the earliest of the deadlines that Carnival seeks to extend in this Motion. Absent a ruling by the requested date, Carnival faces the expiration of the rebuttal expert disclosure deadline without a ruling on this Motion.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1, undersigned counsel for Defendant/Counter-Plaintiff certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein and states that Plaintiff *does not* oppose extending the deadline to complete discovery and all subsequent deadlines thereafter, however, Plaintiff *does* oppose extending the May 1, 2024 deadline to submit rebuttal expert reports. Given the expedited nature of this Motion, Plaintiff will file its response by April 26, 2024 opposing the extension of the rebuttal expert deadline.

/s/David K. Friedland
David K. Friedland

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Richard Guerra**
**Javier Sobrado**
**Arthur Robert Weaver**
The Brickell IP Group, PLLC
1101 Brickell Avenue South Tower, Suite 800
Miami, FL 33131
Email: rguerra@brickellip.com
Email: JSobrado@BrickellIP.com
Email: rweaver@brickellip.com

/s/David K. Friedland
David K. Friedland