**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:23-cv-21347-JEM

MIAMI SLICE PIZZA, LLC, a Florida
limited liability company,

       Plaintiff/Counter-Defendant,

v.

CARNIVAL CORPORATION, a Florida
corporation

       Defendant/Counter-Plaintiff.
_____/

### MIAMI SLICE'S RESPONSE IN OPPOSITION TO CARNIVAL'S EXPEDITED MOTION TO FURTHER AMEND SCHEDULING ORDER

Plaintiff Miami Slice Pizza, LLC, ("Miami Slice") by and through undersigned counsel,

responds in opposition to Defendant Carnival Corporation's ("Carnival") Expedited Motion to

Further Amend Scheduling Order [D.E. 35] (the "Motion"), and states as follows:

### I.      INTRODUCTION AND BACKGROUND

Miami Slice does not ***entirely*** oppose Carnival's Motion. As indicated in the Motion's

Certificate of Conferral (Motion, at 7), Miami Slice ***does not*** oppose an extension of the June 21,

2024 discovery deadline and subsequent deadlines thereafter. Miami Slice ***does*** oppose Carnival's

last-minute extension of next week's deadline to exchange rebuttal expert reports.

The Motion focuses on Carnival's accommodation of Miami Slice's counsel's personal

conflicts as well as the need for new counsel, moving to appear *pro hac vice* yesterday, to get up

to speed on the case. While the collegiality of accommodating counsel's personal conflicts is

appreciated, and Miami Slice does not oppose extending the discovery period,[1] the Motion

provides no reason or explanation, yet alone good cause, why Carnival **also** needs a six (6) week

extension of time to disclose and serve its rebuttal expert reports presently due on May 1, 2024.

Miami Slice already, timely served its expert reports and disclosures on April 1, 2024 as required

under the scheduling order. Carnival, which has a counterclaim, also served an expert report on

this date.

Extending the discovery cut-off to accommodate *inter alia* deposition scheduling is one

thing. Extending Carnival's deadline to disclose its rebuttal experts is an entirely different matter.

Because Carnival articulates no good cause to extend next week's rebuttal expert disclosure

deadline, Miami Slice respectfully requests the Court deny Carnival's Motion with respect to that

deadline.

## II.      ARGUMENT

Federal Rule of Civil Procedure 16(b)(3) states that a district court must issue a scheduling

order that sets a limit on the amount of time to complete discovery. The schedule set forth by the

court may only be modified upon a showing of good cause and the Court's consent. Fed. R. Civ.

P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met

despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.*, 133 F.3d

1417, 1418 (11th Cir. 1998) (*quoting* Fed. R. Civ. P. 16 advisory committee's note).

Carnival's Motion is silent as to why it cannot meet next week's expert rebuttal disclosure

deadline. Courts in this district expect a compelling explanation to support the good cause required

---

[1] These conflicts are detailed in Exhibit A to Carnival's Motion [D.E. 37-1] and do not bear
repeating, other than that these personal conflicts posed a challenge for Miami Slice's counsel's
ability to travel during May and June, thus making deposition coverage difficult. Miami Slice does
not oppose extending the discovery period to accommodate these challenges. However, counsel's
personal conflicts have nothing to do with next week's rebuttal expert report deadline.

to extend this deadline. *See e.g Roberts v. Carnival Corporation*, No. 19-cv-23885-BLOOM, 2022 WL 2231411, at *2 (S.D. Fla. Feb. 2, 2022) ("Upon review, Plaintiff has failed to demonstrate good cause or exceptional circumstances that would provide any basis for the Court to modify the Amended Scheduling Order to extend the deadlines to disclose experts"); *Malvaes v. Constellation Brands, Inc.*, No. 14-cv-21302-COOKE, 2015 WL 3862535, at *2 (S.D. Fla. June 22, 2015) (denying extension to expert disclosure deadline because the motion "made no mention of having difficulty retaining a damages expert to testify opposite to Plaintiff's damages expert").

The Court already extended the expert report deadlines by several months. *See* Order [D.E. 33]. Miami Slice met its deadline to disclose its experts on or before April 1, 2024. Carnival, which has a counterclaim, also timely served an expert report on April 1, 2024. The Motion offers no reason why Carnival needs any extension to next week's deadline to disclose its rebuttal expert(s) – yet alone an arbitrary, unjustified, and excessive six (6) week extension. Without such an explanation, there is no good cause to amend this Scheduling Order deadline.

For at least the foregoing reasons, Miami Slice respectfully requests the Court deny Carnival's Motion in-part and maintain next week's rebuttal expert disclosure deadline.

Date:   April 26, 2024                                    Respectfully submitted by,

**THE BRICKELL IP GROUP, PLLC**
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
**A. Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
**Richard Guerra**
Fla. Bar No. 689521
Email: rguerra@brickellip.com

3

**Javier Sobrado**
Fla. Bar No. 44992
Email: jsobrado@brickellip.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic

Mail on April 26, 2024 on all counsel or parties of record via CM/ECF filing.

*/s/ A. Robert Weaver*
A. Robert Weaver